**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| Tammie L. Koontz<br><br>Plaintiff(s)<br><br>v.<br><br>Eli Lilly and Company; Lilly USA, LLC<br><br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 465).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

Plaintiff files this Complaint pursuant to the Direct Filing Order and is to be bound by the rights, protections and privileges, and obligations of that Direct Filing Order and other Orders of the Court. Further, in accordance with the Direct Filing Order, Plaintiff hereby designates the United States District Court for the Eastern District of Pennsylvania as Plaintiff's venue. Plaintiff makes this selection based upon one (or more) of the following factors:

1.  Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): _____Tammie Koontz_____.

2.  If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,

as _____ of the estate of _____, deceased.

3.  If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.  If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____Jeffrey S. Koontz_____.

**Defendant(s)**

5.  Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

   _____ Novo Nordisk Inc.

   _____ Novo Nordisk A/S

   ✓ Eli Lilly and Company

   ✓ Lilly USA, LLC

   _____ other(s) (identify):

2

## **JURISDICTION AND VENUE**

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

__Wichita, Kansas_____

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

_____Kansas_____

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

_____Kansas_____

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

_____Wichita, KS_____

10.     Jurisdiction is based on:

__✓__    diversity of citizenship pursuant to 28 U.S.C. § 1332

_____    other (plead in sufficient detail as required by applicable rules):

_____

_____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

___District of Kansas_____

12.     Venue is proper in the District Court identified in Paragraph 11 because:

__✓__    a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

\_\_\_\_\_ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

**PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

_____    Ozempic (semaglutide)

_____    Wegovy (semaglutide)

_____    Rybelsus (oral semaglutide)

_____    Victoza (liraglutide)

_____    Saxenda (liraglutide)

_____    Trulicity (dulaglutide)

_____    Mounjaro (tirzepatide)

___✓___    Zepbound (tirzepatide)

_____    Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

_____December 2024 through May 2025_____

_____

_____

_____

5

## INJURIES AND DAMAGES

16.     To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

___✓___ Gastroparesis

___✓___ Other gastro-intestinal injuries (specify) gastroenteritis, indigestion (dyspepsia)

_____ Ileus

___✓___ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

___✓___ Gallbladder Injury (specify) gallbladder removal

___✓___ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

___✓___ Additional/Other(s) (specify): abdo, occasional constipation, diarrhea, nausea

and vomiting, chronic GERD

17.     Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

_____June  2025_____

_____

_____

_____

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

✓ Injury to self

_____ Injury to person represented

✓ Economic loss

_____ Wrongful death

_____ Survivorship

✓ Loss of services

✓ Loss of consortium

_____ other(s) (specify): _____

**CAUSES OF ACTION**

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

✓    Count I:    Failure to Warn – Negligence

✓    Count II:    Failure to Warn – Strict Liability

✓    Count III:    Breach of Express Warranty/Failure to Conform to Representations

✓    Count IV:    Breach of Implied Warranty

✓    Count V:    Fraudulent Concealment/Fraud by Omission

✓    Count VI:    Fraudulent/Intentional Misrepresentation

✓    Count VII:    Negligent Misrepresentation/Marketing

✓    Count VIII: Strict Product Liability Misrepresentation/Marketing

✓    Count IX:    Innocent Misrepresentation/Marketing

✓    Count X:    Unfair Trade Practices/Consumer Protection (see below)

✓    Count XI:    Negligence

✓    Count XII:  Negligent Undertaking

✓    Count XIII: State Product Liability Act (see below)

_____    Count XIV: Wrongful Death

✓    Count XV:  Loss of Consortium

_____    Count XVI: Survival Action

_____    Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

8

20.     If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.   Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

Kansas Consumer Protection Act ("KSPA"), 50-623 et seq.; Deceptive acts and practices, K.S.A. 50-626; Unconscionable acts and practices, K.S.A. 50-627.

    b.   Identify the factual allegations supporting those claims (by subsection, if applicable):

Plaintiff asserts claims under the Kansas Consumer Protection Act, K.S.A. 50-623 et seq., including deceptive acts and practices under K.S.A. 50-626 and unconscionable acts and practices under K.S.A. 50-627. Plaintiff purchased and used Ozempic in Kansas for personal use. Defendants marketed and sold Ozempic in Kansas while misrepresenting and omitting material safety information regarding delayed gastric emptying and the risk of serious gastrointestinal injury (including gastroparesis, gastroenteritis, indigestion, dyspepsia, ileus, ischemic bowel, ischemic colitis, intestinal obstruction, micronutrient deficiency, gallbladder removal, and Barret's esophagus). Plaintiff and Plaintiff's prescriber relied on these representations and omissions in initiation and continuing therapy, and Plaintiff suffered gastroparesis, gastroenteritis, indigestion, dyspepsia, ileus, ischemic bowel, ischemic colitis, intestinal obstruction, micronutrient deficiency, gallbladder removal, and Barret's esophagus beginning February 2020 with resulting damages.

*** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.**

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") of any jurisdiction as identified in Count XIII above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/

are bringing such claims:

Kansas Product Liability Act ("KPLA"), K.S.A. 60-3301 et seq.; K.S.A.

60-3302; K.S.A. 60-3304; K.S.A. 60-3305; K.S.A. 60-3303.

b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

Plaintiff asserts product liability claims governed by the Kansas Product

Liability Act, K.S.A. 60-3301 et seq., including K.S.A. 60-3302, 60-3305, and

60-3304. Defendants' Ozempic was defective and unreasonably dangerous due

to inadequate warnings and instructions concerning delayed gastric emptying

and serious gastrointestinal injuries (including  gastroparesis, gastroenteritis,

indigestion, dyspepsia, ileus, ischemic bowel, ischemic colitis, intestinal

obstruction, micronutrient deficiency, gallbladder removal, and Barret's

esophagus). Plaintiff used Ozempic as intended/foreseeably prescribed in

Kansas from October 2019 to April 2024, developed gastroparesis,

gastroenteritis, indigestion, dyspepsia, ileus, ischemic bowel, ischemic colitis,

intestinal obstruction, micronutrient deficiency, gallbladder removal, and

Barret's esophagus in February 2020, and suffered damages. Defendants

should have taken additional precautions, including stronger warnings and

safer instructions, and the defect was a substantial factor in causing Plaintiff's

injuries.

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of

separate pre-suit notice to Defendant(s)? _____.  If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: 03/13/2026

By:
Daniel K. Back
Bar No. 23192 (KS), 69892 (MO)
Hutton & Hutton Law Firm, LLC
8100 E. 22nd St. N., Bldg. 1200,
Wichita, KS 67226
daniel.back@huttonlaw.com (316)
688-1166

Blake A. Shuart
Bar No. 24463 (KS)
Hutton & Hutton Law Firm, LLC
8100 E. 22nd St. N., Bldg. 1200,
Wichita, KS 67226
blake.shuart@huttonlaw.com
(316) 688-1166